Antonio **JUAREZ**, Plaintiff-Appellant,

v.

**UNITED FARM TOOLS, INC.,**
Defendant-Appellee.

No. 84–2686.

United States Court of Appeals,
Tenth Circuit.

Aug. 20, 1986.
As Amended Sept. 18, 1986.

John Gehlhausen, of John Gehlhausen, P.C., Lamar, Colo., for plaintiff-appellant.

Thomas L. Shinn, of Lamar, Colo. (Paul Skjervold, of Shorewood, Minnesota, with him on brief), for defendant-appellee.

Before McWILLIAMS, BARRETT and TACHA, Circuit Judges.

TACHA, Circuit Judge.

Antonio Juarez appeals from a judgment notwithstanding the verdict entered by the United States District Court for the District of Colorado overturning a jury award of punitive damages against United Farm Tools. The sole issue in this case is the application of the Colorado standard for punitive damages. We affirm the judgment of the district court.

Juarez was injured while cleaning out a grain cart manufactured by defendant United Farm Tools. He sued the defendant claiming that the cart was defective and unreasonably dangerous as defined by the Restatement (Second) of Torts § 402A. A jury found that Juarez had suffered $195,000 in actual damages, which was reduced to $146,250 because the jury found Juarez to be 25% contributorily negligent. Actual damages are not an issue in this appeal. The jury also awarded Juarez $150,000 in punitive damages. This award was overturned by the district court which reasoned that Juarez failed to satisfy the Colorado statutory requirements for punitive damages.

In a diversity case, "the duty rests upon federal courts to apply state law ... in accordance with the then controlling decision of the highest state court." *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543, 61 S.Ct. 347, 350, 85 L.Ed. 327 (1941). Since the date the district court entered its order, the Colorado Supreme Court has delivered two en banc decisions clarifying the Colorado standards for punitive damages. *Tri-Aspen Construction Co. v. Johnson*, 714 P.2d 484 (1986) (en banc) (overturning an award of punitive damages against a building contractor who had negligently constructed a home); *Palmer v. A.H. Robins Co.*, 684 P.2d 187

(1984) (en banc) (upholding an award of punitive damages against the manufacturer of a defective IUD). We therefore rely on these recent cases as authoritative declarations of Colorado law in deciding this case.

We begin by emphasizing that Colorado puts a heavy burden on a plaintiff to show why punitive damages are to be awarded in a particular case. A jury is not allowed to award punitive damages unless the existence of the statutory circumstances in which such damages can be awarded has been proved beyond a reasonable doubt. C.R.S. § 13–25–127(2). The Colorado Supreme Court recently explained this requirement:

> In order to recover exemplary damages, the party requesting them must prove beyond a reasonable doubt that the statutory standards have been met. The reasonable doubt burden is by definition a heavy one, and we have determined that proof was insufficient to carry that burden on several occasions in the past.

*Tri-Aspen*, 714 P.2d at 486 (citations omitted).

The statutory circumstances that a plaintiff must demonstrate in order to obtain an award of punitive damages are:

> In all civil actions in which damages are assessed by a jury for a wrong done to the person, or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice or insult, or a wanton and reckless disregard of the injured party's rights and feelings, the jury, in addition to the actual damages sustained by such party, may award him reasonable exemplary damages.

C.R.S. § 13–21–102. The Colorado courts have interpreted this language to mean that an award of punitive damages is justified when the defendant acted " 'with an evil intent, and with the purpose of injuring the plaintiff, or with such a wanton and reckless disregard of his rights as evidence a wrongful motive.' " *Tri-Aspen*, 714 P.2d at 486 (quoting *Frick v. Abell*, 198 Colo. 508, 511, 602 P.2d 852, 854 [1979] [en

banc) ).[1] Juarez does not contend that the defendant acted with an evil intent or with the purpose of injuring users of the cart. Instead, Juarez bases his claim for punitive damages on his assertion that the defendant acted with "a wanton and reckless disregard" of his rights. The meaning of "wanton and reckless disregard" in this context involves " 'conduct that creates a substantial risk of harm to another and is purposely performed with an awareness of the risk in disregard of the consequences.' " *Tri-Aspen*, 714 P.2d at 486 (quoting *Palmer*, 684 P.2d at 215.)[2]

The question of the sufficiency of the evidence to meet this standard is a question of law. *Tri-Aspen*, 714 P.2d at 486. In reviewing the evidence to determine if the statutory standards for punitive damages were met, we must view the evidence in the manner most favorable to the party against whom the judgment n.o.v. was granted. *Id.* Our question, therefore, is whether the evidence viewed in the light most favorable to Juarez establishes beyond a reasonable doubt that the actions of the defendant involve "conduct that creates a substantial risk of harm to another and is purposely performed with an awareness of the risk in disregard of the consequences." *Tri-Aspen*, 714 P.2d at 486.

The evidence offered at trial shows beyond a reasonable doubt that there was "a substantial risk of harm" faced by users of the grain cart. The cart included an auger that conveyed grain through the cart. This auger was covered by a sliding shield, but the shield could be opened to a width sufficient to allow one's leg to reach through to the turning auger. The risk presented by an uncovered, spinning auger was certainly substantial.

The evidence, when viewed in the light most favorable to Juarez, also shows beyond a reasonable doubt that the defendant was aware of this risk. The designer of the cart testified that a worker could get hurt if he or she got into the cart while the auger was running. R. Vol. III, p. 7. This statement is sufficient to show beyond a reasonable doubt that the defendant was aware of the danger presented by the grain cart.

Punitive damages are appropriate, however, only if the evidence shows beyond a reasonable doubt that the defendant disregarded the consequences of the risk. Even when viewing the evidence in the light most favorable to Juarez, he did not meet that "heavy burden" in this case. *See Tri-Aspen*, 714 P.2d at 486. The uncontested testimony established that the defendant had included the following warning in its list of safety instructions for the cart: "No one should be allowed inside the grain tank when the tractor is running or the PTO [power take off] is engaged. Be sure all power is shut off and PTO is disengaged before allowing anyone access to the inside of the grain tank." R. Vol. X, Pl.Ex. 22, p. 21. The warning shows that the defendant did not "disregard the consequences" of the danger posed by the running auger.[3] Further, the defendant had

---

**1.** The district court relied on this passage in *Frick*, 198 Colo. at 511, 602 P.2d at 854, as establishing the test for when punitive damages are appropriate. R. Vol. I, p. 41.

**2.** Juarez argues that the proper test for punitive damages is found in *Frick*, 198 Colo. at 511, 602 P.2d at 854: "The requirements for the award of exemplary damages are met if the defendant, while conscious of his conduct and cognizant of existing conditions, knew, or should have known, that the injury would probably result from his acts." (citations omitted). We relied on this language recently in *Alley v. Gubser Development Co.*, 785 F.2d 849, 856 (10th Cir. 1986). The decision of the Colorado Supreme Court in *Tri-Aspen*, 714 P.2d at 486 n. 3, specifically disapproved of this passage from *Frick*, and we will not rely on it here.

**3.** The defendant claimed at trial that a decal, warning against entering the cart while the auger was turning, was placed on the grain cart. Juarez introduced testimony that the cart in question did not have such a decal. We must resolve the factual dispute in favor of Juarez, the party who did not move for the judgment n.o.v. Therefore, we must construe the evidence to be that there was no warning decal on the cart when Juarez was injured. Similarly, Juarez offered testimony that the instruction manual was not provided to the dealer who sold the cart. Consequently, the warning in the manual was not seen by Juarez.

The "disregard of the consequences" standard focuses on whether the defendant believed that it had acted to prevent an accident from occurring. The warning in the instruction manual and the absence of any similar accidents that would in-

no indication that the warning was ineffective, for Juarez concedes that there had been no reports of prior similar accidents. Brief of Appellant, p. 20. The warning and the absence of any reports of other accidents persuade us that as a matter of law Juarez has not shown beyond a reasonable doubt that the defendant disregarded the consequences of the danger presented by the cart.[4]

The facts of the two most recent cases in which the Colorado Supreme Court has considered challenges to an award of punitive damages demonstrate why the denial of such damages is appropriate here. In *Palmer*, 684 P.2d 187, a jury assessed punitive damages against the manufacturer of an IUD that had caused severe injuries to the plaintiff. The court on appeal upheld the award of punitive damages, noting that the manufacturer had ignored repeated reports by doctors describing injuries suffered by women who had used the IUD, and that the manufacturer continued to market the device as "safe, sure, sensible contraception" with no warnings as to its potential adverse effects. 684 P.2d at 218–19. In the present case, however, the defendant included a warning about the possible danger and had received no reports of injuries suffered by users of the grain cart suggesting that the warning had been ineffective.

In *Tri-Aspen*, 714 P.2d 484, the Johnsons purchased a house that eventually suffered extensive structural damage through the failure of the builder to have installed a peripheral drain at the base of the house's foundation. The builder was found to be negligent for failing to have safely constructed the foundation of the plaintiffs' home. The Colorado Supreme Court did not disturb the finding of negligence in the construction of the home, but it reversed an award of punitive damages. The court found that although the builder was aware of the possible risk, it had undertaken some measures which it believed were adequate to protect the foundation of the home. *Id.* at 487–88. We are presented with a similar situation here. The defendant was aware of the possible danger that the auger would present if it was operating while someone was inside the cart, but it believed that the warning would prevent users of the cart from entering it while the auger was operating. Both *Palmer* and *Tri-Aspen*, then, support the denial of punitive damages in this case.

We also recognize that the Colorado courts have been careful to distinguish between the showing necessary to support a finding of negligence and the showing necessary to support an award of punitive damages. The court in *Tri-Aspen* held:

> Viewed most favorably for the plaintiffs, the evidence establishes no more than that Tri-Aspen made a mistake.... A reasonable jury could, and did, find that Tri-Aspen acted negligently, and the Johnsons have received an award of actual damages to compensate them for the harm caused by Tri-Aspen's negligence. Conduct that is merely negligent, however, cannot serve as the basis for exemplary damages. *Frick v. Abell*, 198 Colo. at 511, 602 P.2d at 854. Because evidence demonstrating beyond a reasonable doubt the type of conduct that would support an award of exemplary damages is lacking in this case, the trial court should have directed a verdict for Tri-Aspen on that issue.

*Tri-Aspen*, 714 P.2d at 488. The evidence in this case establishes that the grain cart manufactured by United Farm Tools was defective. Juarez has been compensated for his actual damages. We cannot say, however, that the evidence shows beyond a reasonable doubt that the defendant acted "with such a wanton and reckless dis-

---

form the defendant that the warning had been ineffective show that the defendant thought it had acted to prevent accidents involving the grain cart. Because the defendant had reason to believe that it had acted to prevent accidents involving the grain cart from occurring, we cannot say that the defendant "disregarded the consequences" of its actions.

**4.** At trial, Juarez focused on what *could* have been done by the defendant to prevent the accident. This evidence was relevant to the jury in determining that the cart was defective, but it does not suggest that the defendant had disregarded the consequences because no evidence was presented that showed what *had* been done, *e.g.*, the warning, had been ineffective.

regard" of the rights of the plaintiff as to show a wrongful motive that would support an award of exemplary damages. The judgment of the district court is therefore AFFIRMED.