**1026**

**SKIDMORE, OWINGS & MERRILL, a partnership, Plaintiff–Appellant,**

v.

**CANADA LIFE ASSURANCE COMPA- NY, a Canadian corporation; and Con- federation Life Insurance Company, a Canadian corporation, Defendants–Ap- pellees.**

No. 89–1074.

United States Court of Appeals, Tenth Circuit.

July 11, 1990.

Steven J. Harper and Mark S. Lillie, of Kirkland & Ellis, Denver, Colo., for plain- tiff-appellant.

John M. Roche and Glen E. Keller, Jr., of Davis, Graham & Stubbs, Denver, Colo., for defendants-appellees.

Before ANDERSON, BARRETT, and BALDOCK, Circuit Judges.

PER CURIAM.

After examining the briefs and appellate record, this panel has determined unani- mously that oral argument would not mate- rially assist the determination of this ap- peal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered sub- mitted without oral argument.

Plaintiff-appellant Skidmore, Owings & Merrill (SOM) appeals the district court's order granting summary judgment in favor of defendants-appellees Canada Life Assur- ance Company and Confederation Life In- surance Company (the Life companies). SOM brought suit against the Life compa- nies asserting they are liable to it as the parent companies of Dover Park Develop- ment Corporation and Dover Park Develop- ment Corporation, Ltd. (the Dover entities). Specifically, SOM sought to pierce the cor- porate veil of the Life companies in order to receive payment for architectural servic- es it performed for the Dover entities in Denver, Colorado. The factual background of this case is set forth in detail in the district court's opinion. *Skidmore, Owings & Merrill v. Canada Life Assurance Co.,* 706 F.Supp. 758, 759–60 (D.Colo.1989). Therefore, we will repeat only those facts necessary for resolving the issue present- ed.

In 1982 and 1983, SOM provided architec- tural services to the Dover entities but was not paid due to those companies' insolven- cy. SOM ultimately obtained a sizeable state court judgment against the Dover entities, which it now seeks to enforce against the Life companies as parent corpo- rations. Specifically, SOM asserts the Life companies undercapitalized the Dover enti- ties and exerted such control over them that piercing the corporate veil is appropri- ate. Further, it argues that genuine issues of fact exist which preclude the entry of summary judgment. We disagree, and af- firm.

The Life companies organized the Dover entities as a "developmental arm" and con-

tributed five million dollars each to their initial capitalization. They each retained one seat on the Dover Park Board of Directors and controlled 17.9% of the company stock. In 1984, after the financial collapse of the Dover entities, the Life companies infused them with additional capital and paid various creditors. Despite the financial condition of the Dover entities, SOM was not told to stop work on the project.

## DISCUSSION

We review the grant of summary judgment *de novo,* in the same manner used by the district court. *Abercrombie v. City of Catoosa,* 896 F.2d 1228, 1230 (10th Cir. 1990). Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate only where there are no genuine issues of fact and one party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Under this standard, the mere existence of some factual dispute will not defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–8, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). Rather, the factual dispute must be genuine and material to the issues presented. *Id.* In reviewing the grant of summary judgment in a suit based on diversity jurisdiction, we apply the law of the forum. *See Lowell Staats Mining Co. v. Pioneer Uravan, Inc.,* 878 F.2d 1259, 1262 (10th Cir.1989) (applying Colorado law). Here, we apply the law of Colorado.

■ Absent circumstances justifying disregard of the corporate form, a parent company is treated as a legal entity separate from the subsidiary. *See Quarles v. Fuqua Indus., Inc.,* 504 F.2d 1358, 1362 (10th Cir.1974); *see also New Sheridan Hotel & Bar, Ltd. v. Commercial Leasing Corp., Inc.,* 645 P.2d 868, 869 (Colo.App. 1982) (in order to pierce the corporate veil, one company must be an instrumentality of the other). Disregarding the corporate form is a drastic remedy. This court recently stated, "[C]orporate veils exist for a reason and should be pierced only reluc-

tantly and cautiously. The law permits the incorporation of businesses for the very purpose of isolating liabilities among separate entities." *Cascade Energy & Metals Corp. v. Banks,* 896 F.2d 1557, 1576 (10th Cir.1990). In analyzing whether to allow disregard of the corporate form, we look for the existence of the following factors:

(1) The parent corporation owns all or majority of the capital stock of the subsidiary. (2) The parent and subsidiary corporations have common directors or officers. (3) The parent corporation finances the subsidiary. (4) The parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation. (5) The subsidiary has grossly inadequate capital. (6) The parent corporation pays the salaries or expenses or losses of the subsidiary. (7) The subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation. (8) In the papers of the parent corporation, and in the statements of its officers, 'the subsidiary' is referred to as such or as a department or division. (9) The directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation. (10) The formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

*Lowell Staats,* 878 F.2d at 1262–63, (quoting *Fish v. East,* 114 F.2d 177, 191 (10th Cir.1940)) (applying Colorado law).

■ Our exhaustive review of the record in this case reveals the district court's ruling on the motion for summary judgment was correct. Once a summary judgment motion is properly supported, the burden shifts to the opposing party to submit specific facts to show granting the motion is inappropriate. *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511. SOM failed to sustain that burden here. Despite the existence of a substantial record, SOM has failed to raise any *genuine* issues of fact which could defeat summary judgment. While we note the Life companies and Dover enti-

**1028**

ties may have used poor judgment in not advising SOM of the financial condition of the Dover companies, their actions and the relationship fall well below the threshold for imposing the drastic remedy of piercing the corporate veil. As we stated in *Lowell Staats*, "[t]he possibility that Staats may have difficulty enforcing a judgment against [the defendant] alone is not the type of injustice that warrants piercing the corporate veil". 878 F.2d at 1265. Accordingly, the judgment of the United States District Court for the District of Colorado is AFFIRMED.