Alphonse VASKE, Plaintiff,

v.

DuCHARME, McMILLEN & ASSOCI-
ATES, INC., an Indiana corporation;
Duane DuCharme; and Jerry Willen-
burg, Defendants.

Civ. A. No. 90–F–274.

United States District Court,
D. Colorado.

Dec. 12, 1990.

1159

Scott F. Sullan, Ronald M. Sandgrund, Dean R. Vanatta, Vanatta, Sullan and Sandgrund, P.C., Englewood, Colo., for plaintiff.

Arun Das, David R. Gorsuch, Gorsuch, Kirgis, Campbell, Walker & Grover, Denver, Colo., John W. Porter, Baker & Daniels, Fort Wayne, Ind., for defendants.

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on defendants' motion for summary judgment,

filed October 5, 1990. Jurisdiction is based upon 28 U.S.C.A. § 1332(a) (West Supp. 1990). For the reasons below, defendants' motion is hereby GRANTED IN PART AND DENIED IN PART.

## I.

Beginning in 1980, Plaintiff Alphonse Vaske ("Vaske") was employed as a salesman in the contact lens industry. In September, 1988, Vaske began to look for alternative employment. Vaske ultimately secured an interview with Defendant DuCharme, McMillen & Associates' ("DMA") western regional sales manager, Defendant Jerry Willenburg ("Willenburg").

On December 1, 1988, Vaske completed an employment application. On December 9, 1988, he accepted an offer with DMA. On December 18, 1988, Willenburg sent a letter to Vaske outlining the details of his employment. The letter indicated that he would be on a six-month probationary period. Vaske started to work for DMA on January 3, 1989.

In May, 1989, DMA instituted a policy whereby sales employees were required to sign an agreement that restricted the use or disclosure of DMA confidential information and employment competitive with DMA. Vaske refused to sign the agreement. As a result, his employment at DMA was terminated on July 31, 1989.

On February 16, 1990, Vaske filed this lawsuit in the Arapahoe County District Court, Colorado. Pursuant to 28 U.S.C.A. § 1441 (West 1973 and Supp.1990), the action was removed to this court. In his complaint, plaintiff offered seven claims for relief. Defendants filed a motion for summary judgment against all the claims on October 5, 1990. The claims are discussed individually below.

## II.

Summary judgment is not regarded as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554–55, 91 L.Ed.2d 265 (1986). Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lucas v. Mountain States Tel. & Tel. Co.,* 909 F.2d 419, 420 (10th Cir.1990); *Martin v. Board of County Comm'rs,* 909 F.2d 402, 404 (10th Cir.1990); *Skidmore, Owings & Merrill v. Canada Life Assurance Co.,* 907 F.2d 1026, 1027 (10th Cir.1990); *Anderson v. Department of Health and Human Servs.,* 907 F.2d 936, 946 (10th Cir.1990). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Skidmore,* 907 F.2d at 1027.

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. All doubts must be resolved in favor of the existence of triable issues of fact. *Lucas,* 909 F.2d at 420; *Martin,* 909 F.2d at 404; *Anderson v. Department of Health and Human Servs.,* 907 F.2d at 946–47.

In a motion for summary judgment, the moving party's initial burden is slight. Rule 56 does not require the movant to negate the opponent's claim. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552–53. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

Once the movant has made an initial showing, the burden of proof shifts to the opposing party. *Anderson v. Department of Health and Human Servs.,* 907 F.2d at 947. The nonmovant must establish that there are issues of material fact to be determined. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53; *Skidmore,* 907 F.2d at 1027. The nonmovant must go beyond the pleadings and designate specific facts showing that there are genuine issues for

trial on every element challenged by the motion. *Willner v. Budig*, 848 F.2d 1032, 1033–34 (10th Cir.1988), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). Conclusory allegations will not establish an issue of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.*, 823 F.2d 1395, 1398 (10th Cir.1987). In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. Summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. *Liberty Lobby*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11. In the instant matter, the court finds that, as a matter of law, the motion for summary judgment must be granted in part and denied in part.

## III.

This court enjoys jurisdiction over this action based upon diversity of citizenship. Accordingly, under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 68, 58 S.Ct. 817, 818, 82 L.Ed. 1188 (1938), the court is required to apply Colorado state law. *Inryco, Inc. v. CGR Bldg. Sys., Inc.*, 780 F.2d 879, 881 (10th Cir.1986); *Newport Steel Corp. v. Thompson*, 757 F.Supp. 1152, 1155–56 (D.Colo.1990).

## IV.

Plaintiff's first cause of action is based upon breach of contract. Vaske has stated that the express contract in which he believed the parties were operating under was a letter written to him by Willenburg on December 18, 1988. (Deposition of Vaske at 62). However, to form a contract in Colorado, the essential components include competent parties, subject matter, le-

gal consideration, mutuality of agreement, and mutuality of obligation. *Peterson v. Trailways, Inc.*, 555 F.Supp. 827, 831 (D.Colo.1983) (quoting *Denver Truck Exchange v. Perryman*, 307 P.2d 805, 810 (Colo.1957)). Plaintiff has failed to illustrate that this letter formed such an arrangement between he and DMA. As such, the court finds that, as a matter of law, an express contract was never created.

 In the absence of an employment contract, any employment relationship is terminable at will by either party. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo.1987); *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 622 (Colo.App.1988); *see also Garcia v. Aetna Fin. Co.*, 752 F.2d 488, 491 (10th Cir.1984). Under this situation, an employee may be terminated without cause, without notice, and any such discharge does not give rise to a claim for relief. *Hoff v. Amalgamated Transit Union*, 758 P.2d 674, 678 (Colo. App.1987). The fact that Vaske admitted to signing an employment application that stated, "I understand that just as I am free to resign at any time, the Employer reserves the right to terminate my employment at any time, with or without cause, and without prior notice," (Deposition of Vaske at 54–56), further precludes his claim for breach of contract.[1] *Therrien v. United Air Lines, Inc.*, 670 F.Supp. 1517, 1523.[2] As such, admissions that Vaske was not terminated for reasons stemming from poor performance during his probationary period are irrelevant.[3]

 In Colorado however, the employment at will doctrine embodies two narrow exceptions: (i) implied contract rights or promissory estoppel arising out of company policy and employment manuals, and (ii)

---

**1.** Vaske is bound to know the contents of what he signed, even if he did not read it. *Therrien*, 670 F.Supp. at 1523; *Clayton Brokerage Co. v. Stansfield*, 582 F.Supp. 837, 841 (D.Colo.1984).

**2.** The court is unpersuaded by plaintiff's attempt to distinguish *Therrien*. While the plaintiff in *Therrien* might have signed a similar statement four times, *Therrien* does not state that the number of times such acknowledgements are made is dispositive.

**3.** Vaske cites to the Sixth Circuit's decision in *Wiskotoni v. Michigan Nat'l Bank–West*, 716 F.2d 378 (6th Cir.1983). That court held that a probationary period may give rise to an implied contract not to dismiss the employee except for cause. *Id.* at 386. The Tenth Circuit has not adopted this rule and this court is unwilling to embrace such a standard.

claims for wrongful discharge in retaliation for the exercise of statutory rights or duties. *Allen v. Dayco Prods., Inc.,* 758 F.Supp. 630, 632–33 (D.Colo.1990). The second exception will be taken up in section V of this opinion. With regard to the first exception, DMA's employee manual does not contain any commitment by the corporation to follow any termination procedure in which Vaske may have justifiably relied.[4] *Keenan,* 731 P.2d at 712. However, the Colorado Court of Appeals held in *De Rubis v. Broadmoor Hotel, Inc.,* 772 P.2d 681, 682 (Colo.App.1989), that this exception applies to the causes and reasons for discharge, as well as the procedures for discharge.[5] While plaintiff has yet to demonstrate that he received a copy of the manual,[6] material questions of fact nevertheless remain that thwart the entry of summary judgment on this claim. *See De Rubis,* 772 P.2d at 682. Accordingly, defendants' motion for summary judgment on the first claim for relief is GRANTED IN PART AND DENIED IN PART. Plaintiff will be permitted to establish whether the employee manual created an implied contract of employment or if plaintiff would be entitled to relief under the doctrine of promissory estoppel. *Id.* at 682.

**4.** Plaintiff urges that he be allowed to rely on the December 19, 1988 correspondence as if it were an employee manual. As plaintiff has been unable to cite any authority that supports this conclusion, we are unwilling to make such a ruling.

**5.** A federal court hearing a case based on diversity jurisdiction is required to apply the law of the state's highest court. In this instance, only the Colorado Court of Appeals has addressed this specific question. While this court is not obligated to follow such a ruling, the court is persuaded that the decision would be affirmed by the Colorado Supreme Court and therefore will consider the decision binding. *Comm'r v. Estate of Bosch,* 387 U.S. 456, 465, 87 S.Ct. 1776, 1782–83, 18 L.Ed.2d 886 (1967); *Hiatt v. Schreiber,* 599 F.Supp. 1142, 1145 n. 1 (D.Colo. 1984); E. Chemirinsky, Federal Jurisdiction, § 5.3.5, at 274 (1989).

**6.** DMA's employee manual provides, "[m]anagement reserves the right to terminate an employee immediately for cause including but not limited to: errors or omissions, misuse of company

## V.

Plaintiff's second claim for relief is for wrongful discharge under Colo.Rev. Stat.Ann. § 8–2–113 (Bradford 1986).[7] This statute provides, in pertinent part, "[a]ny covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employer shall be void...." Colo.Rev.Stat.Ann. § 8–2–113(2) (Bradford 1986).[8] Moreover, "[a]ny person, firm, or corporation violating [§ 8–2–113] is guilty of a misdemeanor and, upon conviction thereof, shall be punished by a fine of not less than ten dollars nor more than two hundred and fifty dollars, or by imprisonment in the county jail for not more than sixty days, or by both such fine and imprisonment." Colo.Rev.Stat.Ann. § 8–2–115 (Bradford 1986).

After plaintiff began to work at DMA, management insisted that he sign an employment contract that included a no-compete clause. Recognizing that such clauses may have been illegal in certain states, (Deposition of DuCharme at 40–41), DMA inserted a choice of law clause in the contract, specifying Indiana as the governing law.[9] Vaske refused to sign the contract. As a direct result of his decision, plaintiff was fired. (Stipulation in Pretrial Order).

property or funds, misrepresentation or dishonesty, improper conduct while performing company business in or out of the office. [sic], conflict of interest, willful disregard of DMA's best interest, [and] lack of productivity or excessive time off." (commas added).

**7.** The court is persuaded that plaintiff's claim does not involve a private right of action based upon this statute. Under analysis from *Weiszmann v. Kirkland & Ellis,* 732 F.Supp. 1540, 1543–44 (D.Colo.1990), no private right of action would have existed under this law.

**8.** While the statute enumerates four exceptions, the parties never asserted that the instant situation is covered by any of these exclusions. Therefore, they will not be addressed by the court.

**9.** DMA is an Indiana corporation. Furthermore, the court does not find this practice reprehensible. Choice of law clauses are permissible. *See Sarnoff v. American Home Prods. Corp.,* 798 F.2d 1075, 1080 (7th Cir.1986).

Consequently, plaintiff has alleged that he was illegally terminated for exercising a specific statutory right or duty and should therefore be compensated. The court is unpersuaded.

The Colorado courts have never addressed this statute in the context of an action for wrongful termination.[10] Hence, this federal court must predict how Colorado's highest court would rule on enlarging this public policy exception. *Weiss v. United States*, 787 F.2d 518, 525 (10th Cir.1986); *Reighley v. International Playtex, Inc.*, 604 F.Supp. 1078, 1081 (D.Colo.1985).

The Colorado courts have held that claims may proceed when the discharge was in retaliation for the exercise of a specific statutory right or duty in two situations. First, claims have been allowed when the discharge was in retaliation for employees exercising their rights under Colorado's workers' compensation law. *Lathrop v. Entenmann's, Inc.*, 770 P.2d 1367 (Colo.App.1989);[11] *see also Miedema v. Browning–Ferris Indus., Inc.*, 716 F.Supp. 1369, 1371–72 (D.Colo.1989). Vaske has not asserted that he was discharged in retaliation for seeking workers' compensation benefits. Second, suits have been permitted to proceed when employees had been directed by their employers to violate certain statutes, subjecting them to criminal liability. *Cronk*, 765 P.2d at 622; *Lorenz v. Martin Marietta Corp.*, 802 P.2d 1146 (Colo.App.1990). While violation of the instant statute could result in criminal penalties, unlike the aforementioned cases, the employer, not the employee, would be in jeopardy for infringements. Colo.Rev. Stat.Ann. § 8–2–115 (Bradford 1986). Hence, Mr. Vaske does not fall under either of these categories.

▇▇▇▇ As a result, the court would have to create a new category within this nar-

row exception for Vaske to maintain this cause of action. However, a federal court sitting in diversity should not anticipate a change in existing state law. *Bannowsky v. Krauser*, 294 F.Supp. 1204, 1205 (D.Colo. 1969). Specifically in the area of wrongful discharge, a federal judge should not expand this tort's reach. *See Brezinski v. F.W. Woolworth Co.*, 626 F.Supp. 240, 244 (D.Colo.1986). It is simply not the role of a federal court to effect a dramatic shift in forum state's common law. *Power Motive Corp. v. Mannesmann Demag Corp.*, 617 F.Supp. 1048, 1051 (D.Colo.1985). Crafting a new category based upon this statute would be a dramatic shift in this area of Colorado's common law. As a result, the court is persuaded that it should not enlarge this public policy exception to the employment at will doctrine. Accordingly, defendants' motion for summary judgment on the second claim for relief is hereby GRANTED.

## VI.

▇▇▇▇ Plaintiff's third claim for relief is for false representation. In Colorado, to recover for false representation, a plaintiff must demonstrate "a false representation of a material existing fact, made with knowledge or utter disregard of its falsity, with the intent to induce another to rely upon the representation and to take detrimental action thereon." *See Palmer v. A.H. Robins Co.*, 684 P.2d 187, 215 (Colo. 1984); *Club Valencia Homeowners v. Valencia Assocs.*, 712 P.2d 1024, 1026–27 (Colo.App.1985). Vaske alleges that defendants made false representations with regard to the conditions of employment at DMA. However, whether false representations were made to Vaske is a question for the jury. *Pittman v. Larson Distrib. Co.*,

---

**10.** When the Colorado courts have addressed this law, they have held that such covenants, unless capable of qualifying under an enumerated exception, were void. *Colorado Supply Co. v. Stewart*, 797 P.2d 1303, 1305 (Colo.App.1990); *Management Recruiters, Inc. v. Miller*, 762 P.2d 763, 765 (Colo.App.1988); *Porter Indus., Inc. v. Higgins*, 680 P.2d 1339, 1342 (Colo.App.1984); *National Graphics Co. v. Dilley*, 681 P.2d 546, 547 (Colo.App.1984); *Colorado Accounting*

*Machs., Inc. v. Mergenthaler*, 609 P.2d 1125, 1126 (Colo.App.1980); *see also Dresser Indus., Inc. v. Sandvick*, 732 F.2d 783, 787–88 (10th Cir.1984).

**11.** While certiorari was granted in this case, *Entenmann's, Inc. v. Lathrop*, 778 P.2d 1370 (Colo.1989), on motion of the parties, the case was dismissed with prejudice on July 17, 1989.

724 P.2d 1379, 1386–87 (Colo.App.1986). When examining the record, we cannot say that, as a matter of law, representations made were not false. Id. at 1387. Accordingly, defendants' motion for summary judgment on the third claim is hereby DENIED.

## VII.

■ Plaintiff's fourth claim for relief is for non-disclosure or concealment. Five elements must be proven to triumph on a claim for concealment. They are:

> "(1) the defendant's concealment of a material existing fact that in equity or good conscience should be disclosed, (2) the defendant's knowledge that the fact is being concealed, (3) the plaintiff's ignorance of the fact, (4) the defendant's intent that the plaintiff act on the concealed fact, and (5) the plaintiff's action on the concealment resulting in damage."

*Berger v. Security Pac. Information Sys., Inc.*, 795 P.2d 1380, 1385 (Colo.App.1990); *see also Hawkinson v. A.H. Robins Co.*, 595 F.Supp. 1290, 1312 (D.Colo.1984). Under this rubric, the plaintiff must demonstrate that the defendant had a duty to disclose the information. *Berger*, 795 P.2d at 1383. An individual has a duty to disclose a fact if in equity or good conscience, the fact should be disclosed. *Id.* Whether a defendant had a duty to so disclose is a question of law. *Id.* The court concludes that, as a matter of law, Vaske has failed to prove that at the commencement of the employment relationship, defendants had a duty to disclose an alleged intent to require him to agree to a no-compete clause. *See Van Winkle v. Transamerica Title Ins. Co.*, 697 P.2d 784, 786 (Colo.App.1984). Accordingly, defendants' motion for summary judgment on the fourth claim for relief is hereby GRANTED.

## VIII.

■ Plaintiff's fifth claim for relief is based upon Colo.Rev.Stat.Ann. § 8–2–104 (Bradford 1986).[12] This section provides:

> "[i]t is unlawful for any person, company, corporation, association or organization of any kind doing business in this state ... to induce, influence, persuade, or engage workmen to change from one place of employment to another in this state ... through or by means of false or deceptive representations ... concerning the kind and character of the work to be done, or amount and character of the compensation to be paid for such work or ... other conditions of the employment...."

Colo.Rev.Stat.Ann. § 8–2–104 (Bradford 1986). Section 8–2–104 only applies to cases where workers are brought into Colorado. Colo.Rev.Stat.Ann. § 8–2–106 (Bradford 1986); *Roberts v. Conoco, Inc.*, 717 F.Supp. 724 (D.Colo.1989); *see also Pittman*, 724 P.2d at 1386. Vaske was not brought into Colorado. It is uncontested that he lived in Colorado both before and after he began to work for DMA. (Deposition of Vaske at 103–04). Accordingly, as a matter of law, defendants' motion for summary judgment on the fifth claim for relief must be GRANTED.

## IX.

Plaintiff's sixth claim for relief is for outrageous conduct. Liability under this tort theory has been found,

> "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor and lead him to exclaim, 'Outrageous!'"

*Rugg v. McCarty*, 476 P.2d 753, 756 (Colo. 1970) (quoting Restatement (Second) of Torts § 46 comment d (1965)). Under this standard, plaintiff must prove such conduct was outrageous by a preponderance of the

---

12. Colo.Rev.Stat.Ann. § 8–2–107 (Bradford 1986) gives employees a private right of action against their employers under § 8–2–104.

evidence.[13] *Grandchamp*, 854 F.2d at 385–86 n. 8. Under this cause of action, the trial court determines, in the first instance, whether the conduct could be considered sufficiently atrocious to allow recovery. *Therrien*, 670 F.Supp. at 1524.

While the tort of outrageous conduct does exist in the employment context in Colorado, *Churchey*, 759 P.2d at 1349–50, discharge from employment, without more, is not outrageous conduct. *Grandchamp*, 854 F.2d at 384; *Therrien*, 670 F.Supp. at 1524. As such, the plaintiff has relied upon the following actions to prove outrageous conduct on the part of DMA: misrepresenting that the conditions of employment had been disclosed when it was not disclosed that a covenant not to compete was required; intentionally instituting a covenant not to compete which DMA knew was illegal; firing Vaske for refusing to sign a covenant not to compete; and intentionally instituting the covenant not to compete to intimidate its employees, including Vaske. Even if we assumed all plaintiff's allegations were true, the court does not find that these actions were outrageous.

The court must first consider the defendants' actions. In this instance, defendants' conduct, implementing its business judgment to include no-compete clauses, was not so outrageous in character or so extreme in degree as to go beyond all bounds of decency and be regarded as atrocious and utterly intolerable in a civilized community. *See Denver Publishing Co. v. Kirk*, 729 P.2d 1004, 1007 (Colo.App.1986). Second, the manner of the discharge is critical to a finding of outrageous conduct. *Grandchamp*, 854 F.2d at 385. Vaske conceded that defendants treated him in a positive and decent manner. (Deposition of Vaske at 171–72). Hence, plaintiff has offered no evidence to prove the manner in which he was terminated would cause the average member of the community to exclaim, "outrageous!". *Rugg*, 476 P.2d at 756. In *Cronk*, the Colorado Court of Appeals affirmed a trial court's decision to grant summary judgment for defendants, even though plaintiffs were terminated for refusing to violate a statute that would have subjected them to criminal penalties. *Cronk*, 765 P.2d at 622, 624. The instant situation is much less severe than *Cronk*.[14] As such, the court holds that, as a matter of law, plaintiff's claim for outrageous conduct cannot stand. Accordingly, defendants' motion for summary judgment on the sixth claim for relief is hereby GRANTED.

### X.

Plaintiff's final claim for relief is for exemplary damages. Under Colorado law,

> "[i]n all civil actions in which damages are assessed by a jury for a wrong done to the person or to personal or real property, and the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct, the jury, in addition to the actual damages sustained by the party, may award him reasonable exemplary damages."

---

**13.** In *Price v. Federal Express Corp.*, 660 F.Supp. 1388, 1395–96 (D.Colo.1987), the court held that outrageous conduct needed to be proven beyond a reasonable doubt. The Colorado Supreme Court has held that this is an inaccurate statement of the law. *Churchey v. Adolph Coors Co.*, 759 P.2d 1336, 1351 n. 7 (Colo.1988); *see also Grandchamp v. United Air Lines, Inc.*, 854 F.2d 381, 385–86 n. 8 (10th Cir.1988), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1534, 103 L.Ed.2d 838 (1989). As such, this court will follow the Colorado Supreme Court's ruling, as we are bound by their interpretation of Colorado law. *See supra* note 5.

**14.** In *Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1360 (10th Cir.1987), the Tenth Circuit upheld a trial court's decision, under the preponderance of the evidence standard, to submit the issue of outrageous conduct to the jury. The plaintiff in *Bradbury* however had been chased and strangled by agents of the defendants. *Id.* at 1359. In *Wing v. JMB Property Management Corp.*, 714 P.2d 916, 918 (Colo.App. 1988), the Colorado Court of Appeals reversed a trial court's decision to dismiss an employee's claim for outrageous conduct based upon wrongful discharge. In *Wing* however, the plaintiff's claim was based on sexual harassment. The court finds that these cases are clearly distinguishable on the facts, warranting differing results than in the current situation.

Colo.Rev.Stat.Ann. § 13–21–102(1)(a) (Bradford 1986). The question of sufficiency of evidence to justify an award of exemplary damages is one of law. *Tri–Aspen Constr. Co. v. Johnson*, 714 P.2d 484, 486 (Colo. 1986). Moreover, the party requesting such damages must prove beyond a reasonable doubt that the statutory standards have been met. *Id.; see also Juarez v. United Farm Tools, Inc.*, 798 F.2d 1341, 1343 (10th Cir.1986).

Recently, the Tenth Circuit ruled that to recover exemplary damages, "there must be evidence that the act causing the injuries was done with an evil intent and with the purpose of injuring the plaintiff or with such a wanton and reckless disregard of plaintiff's rights as to evidence a wrongful motive." *Gruntmeir v. Mayrath Indus., Inc.*, 841 F.2d 1037, 1040 (10th Cir.1988).

■ Vaske has offered no direct evidence that DMA's actions were committed with an evil intent *and* with the purpose to injure him. Rather, plaintiff indicated that his termination was done in a positive, decent, and non-heated manner. (Deposition of Vaske at 171–72). In fact, Vaske was offered "a glowing reference." (Deposition of Vaske at 171).

Moreover, Vaske has offered no circumstantial evidence to prove a willful, wanton, or reckless disregard of his rights.[15] Considering that the court has previously found that Vaske did not have a "right" to be free from no-compete clauses, *see supra* section V, no willful, wanton, or reckless disregard of his rights has been proven.

As a matter of law, the court concludes that plaintiff has not demonstrated, beyond a reasonable doubt, that the statutory requirements for an award of exemplary damages have been fulfilled. Accordingly, defendants' motion for summary judgment on the seventh claim for relief is hereby GRANTED.

## XI.

■ Finally, the defendants in this action include the corporation and two of its agents, Duane DuCharme and Jerry Willenburg.[16] Under Colorado law, an agent of a corporation may be held personally liable in tort for acts committed by him, even though the actions were committed on behalf of the corporation.[17] *Galie v. RAM Assocs. Management Servs., Inc.*, 757 P.2d 176, 177 (Colo.App.1988). As such, to the extent that the plaintiff is permitted to proceed with this action, defendants DuCharme and Willenburg may be held personally liable.

## XII.

ACCORDINGLY, IT IS ORDERED:

1) Defendants' motion for summary judgment on the first claim for relief is hereby GRANTED IN PART AND DENIED IN PART.

2) Defendants' motion for summary judgment on the second claim for relief is hereby GRANTED.

3) Defendants' motion for summary judgment on the third claim is hereby DENIED.

4) Defendants' motion for summary judgment on the fourth claim for relief is hereby GRANTED.

5) Defendants' motion for summary judgment on the fifth claim for relief is GRANTED.

6) Defendants' motion for summary judgment on the sixth claim for relief is hereby GRANTED.

---

15. "Willful and wanton conduct" is statutorily defined as "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." Colo.Rev.Stat.Ann. § 13–21–102(1)(b) (Bradford 1986).

16. DuCharme and Willenburg were not named as defendants in all seven claims for relief. DuCharme was named in causes of action two, five, six, and seven. Willenburg was named in causes of action two, three, four, five, six, and seven. Accordingly, this discussion only applies to the extent that each defendant has been named.

17. Since the breach of contract claim was asserted against the corporation only, the court need not discuss the liability of agents for breaches of contract by the corporation.

7) Defendants' motion for summary judgment on the seventh claim for relief is hereby GRANTED.

8) The clerk of the court is DIRECTED to enter judgment for the defendants and against the plaintiff on causes of action two, four, five, six, and seven. Each party is to bear their own costs.

9) The parties are DIRECTED to advise the court of settlement.