**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WAYNE T. PALMER,

      Plaintiff - Appellant,

v.

KEN SALAZAR, Secretary of the
Department of the Interior,[*]

      Defendant - Appellee.

No. 05-1075
(D.C. No. 04-cv-638-PSF-OES)
(D. Colo.)

**ORDER AND JUDGMENT**[**]

Before **HENRY**, Chief Judge, **BRISCOE**, and **HOLMES**, Circuit Judges.

The district court held that it did not have subject matter jurisdiction over

Wayne T. Palmer's claim to rescind his settlement contract with his former

employer, the U.S. Department of the Interior ("Department"). Mr. Palmer argues

on appeal that the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.

§§ 621 et seq., Title VII, 42 U.S.C. §§ 2000e et seq., and the Americans with

Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq., provide the federal court

---

[*]      Pursuant to Fed. R. App. P. 43(c)(2), Ken Salazar is substituted for
Dirk Kempthorne as the defendant-appellee in this action.

[**]      This Order and Judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

with subject matter jurisdiction over his rescission claim.

We hold that the district court erred in concluding that it did not have subject matter jurisdiction over Mr. Palmer's claim to rescind his settlement agreement under the ADEA. Accordingly, we **REVERSE** and **REMAND** to the district court for further proceedings consistent with this order.

## BACKGROUND

Mr. Palmer's claims arise from acts of alleged age, sex and disability discrimination and retaliation by the Department. In response to the Department's alleged conduct, Mr. Palmer filed Equal Employment Opportunity Commission ("EEOC") claims in November 1993. In September 1996, Mr. Palmer and the Department executed a settlement agreement, and he withdrew his claims.

Mr. Palmer began efforts to reopen his EEOC case in February 1999, claiming that he was mentally incompetent at the time of the settlement. The EEOC eventually issued a decision refusing to invalidate his settlement agreement because he had "submitted no persuasive evidence of coercion" or "improper threat." Aplt. Opening Br. at 17. The EEOC denied Mr. Palmer's motion for reconsideration in January 2004. Mr. Palmer filed a three-count complaint in federal district court in March 2004, claiming that the Department had discriminated against him and retaliated against him for engaging in protected activity. Mr. Palmer also requested that his settlement agreement be set aside and

his case reopened. Specifically, Count 1 of his complaint alleged gender, age, and disability discrimination; Count 2 alleged retaliation; and Count 3 sought to invalidate the settlement agreement due to Mr. Palmer's alleged incompetency.

The Department moved to dismiss Mr. Palmer's complaint for (1) failure to state a claim, (2) failure to exhaust administrative remedies as to Counts 1 and 2, (3) lack of subject matter jurisdiction, and (4) laches. The magistrate judge agreed that Mr. Palmer had failed to exhaust his administrative remedies as to Counts 1 and 2. The magistrate judge also determined that Mr. Palmer had failed to allege a federal question since resolution of his rescission claim raised state-law contract issues. Accordingly, the magistrate judge recommended that the Department's motion to dismiss be granted.

Noting that it had "reviewed *de novo* the record in th[e] case," the district court accepted and adopted the magistrate judge's recommendation.[1] R.,

---

[1] The Department contends that Mr. Palmer withdrew his rescission claim from the district court's consideration by not objecting to the magistrate judge's recommendation that no subject matter jurisdiction existed, and also by affirmatively abandoning the claim. Mr. Palmer counters that the district court did not accept his attempt to withdraw the issue, and because Mr. Palmer—who was litigating the case before the district court pro se—did not know the consequences of withdrawing the rescission claim, his abandonment was not knowing and voluntary. Indeed, Mr. Palmer contends that he was operating under a "basic misunderstanding" in that he "was essentially requesting that the court disregard his third claim *if* that claim gave rise to a jurisdictional defect." Aplt. Reply Br. at 19-20 (emphasis added). "We have adopted a 'firm waiver rule' whereby the failure to timely object to a 'magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" *Jones v. Salt Lake County*, 503 F.3d 1147, 1152 (10th Cir. 2007) (quoting *Moore*

(continued...)

*v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). We do not apply the rule in two situations: (1) when a pro se litigant was not properly informed of the time period in which to object and the consequences of failing to do so, and (2) where the interests of justice require review. *Id.* (citing *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005)). The first exception is not at issue here: Mr. Palmer received the appropriate advisements. We conclude, however, under the unique circumstances of this case, that the second exception does apply. The district court conducted a de novo review of the record and squarely addressed Mr. Palmer's arguments for rescission. Consequently, there is some force to the idea that the purposes of the firm waiver rule are outweighed by our institutional interests in resolving on the merits the dispute before us. *Cf. In re Key Energy Res. Inc.*, 230 F.3d 1197, 1200 (10th Cir. 2000) (concluding that the district court did *not* conduct "a de novo review of the magistrate judge's report and recommendation in light of appellant's objections" and, consequently, rejecting the contention that "the purposes behind the waiver rule are outweighed by the judicial system's interest in resolving cases on the merits"); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (with regard to the purposes for the firm waiver rule, noting that "'[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute' and gives the district court an opportunity 'to correct any errors immediately'" (citation omitted) (quoting, respectively, *Thomas v. Arn*, 474 U.S. 140, 147 (1985), and *United States v. Walters*, 638 F.2d 947, 950 (6th Cir.1981))).

To be sure, the district court's de novo adjudication of Mr. Palmer's claim does not *require* us to address it. *See In re Key Energy Res. Inc.*, 230 F.3d at 1201 n.3 ("[E]ven had the district court performed the de novo review normally triggered only by timely and specific objections to the magistrate judge's report and recommendation, that fact *would not preclude* application of the waiver rule . . . ." (emphasis added)); *2121 E. 30th St.*, 73 F.3d at 1060-61 (applying the firm waiver rule "*[a]fter reviewing the record*" notwithstanding the district court's decision to conduct a de novo review of appellants' nonspecific objections (emphasis added)). However, on these facts, where *inter alia* the record does reveal a fundamental error related to the district court's de novo resolution of Mr. Palmer's rescission claim, we conclude that the interests of justice would be served by reaching his appellate challenge. *Cf. Morales-Fernandez*, 418 F.3d at 1122 ("*At a minimum*, then, our 'interest of justice' standard for determining whether we should excuse a defendant's failure to object to a magistrate judge's

Vol. I., Doc. 23, at 1 (Order Accepting & Adopting Recommendation of U.S. Mag. J., dated Feb. 4, 2005). The court observed that since Mr. Palmer's allegations of discrimination and retaliation had been resolved by the September 1996 settlement, Counts 1 and 2 were moot. Moreover, the court determined that it did not have jurisdiction "to invalidate the fully executed and completed settlement" in the absence of evidence that the Department acted in bad faith in procuring the settlement. *Id.* at 2.

Mr. Palmer appeals the district court's order dismissing his complaint with prejudice.

## DISCUSSION

**I. The District Court Erred in Finding It Lacked Subject Matter Jurisdiction**

We review a district court's ruling on a jurisdictional question de novo. *FDIC v. Hulsey*, 22 F.3d 1472, 1479 (10th Cir. 1994).

### A. Subject Matter Jurisdiction Exists Under the ADEA

Congress passed the Older Workers Benefit Protection Act ("OWBPA"), Pub. L. 101-433, 104 Stat. 978, as an amendment to the ADEA. *Long v. Sears Roebuck & Co.*, 105 F.3d 1529, 1534 (3d Cir. 1997). "Its purpose was two-fold: to 'make clear that discrimination on the basis of age in virtually all forms of employee benefits is unlawful,' and to 'ensure that older workers are not coerced

_____

(...continued)
recommendation includes plain error." (emphasis added)).

- 5 -

or manipulated into waiving their rights to seek legal relief under the ADEA.'" *Id.* (alterations omitted) (quoting S. Rep. No. 101-263, at 1510 (1990)).

The OWBPA effectively creates "its own *regime* for assessing the effect of ADEA waivers, separate and apart from contract law." *Oubre v. Entergy Operations, Inc.*, 522 U.S. 422, 427 (1998) (emphasis added); *see also id.* ("The OWBPA implements Congress' policy via a strict, unqualified statutory stricture on waivers, and we are bound to take Congress at its word."). The OWBPA provides a plaintiff a cause of action for declaratory or injunctive relief to negate the validity of a waiver as it applies to an ADEA claim. *See Whitehead v. Okla. Gas & Elec. Co.*, 187 F.3d 1184, 1191 (10th Cir. 1999); 29 U.S.C. § 626(f).

Under the OWBPA, "[a]n individual may not waive any right or claim under [the ADEA] unless the waiver is knowing and voluntary. . . . [A] waiver may not be considered knowing and voluntary unless at a minimum" it satisfies certain enumerated requirements. 29 U.S.C. § 626(f)(1); *see Oubre*, 522 U.S. at 427. The OWBPA's factors, however, are not exclusive. *See Bennett v. Coors Brewing Co.*, 189 F.3d 1221, 1228-29 (10th Cir. 1999). Courts look to the "totality of the circumstances." *Id.* at 1228. In addition to the enumerated requirements in § 626(f)(1), an ADEA waiver is not knowing and voluntary if procured by fraud, duress, or mutual mistake. *Id.* at 1229. Moreover, in applying *Bennett*, it follows that, like an ADEA waiver procured by fraud, an ADEA waiver executed by a mentally incompetent individual may be voidable. *See*

Restatement (Second) of Contracts § 15(1) (1981); *see also Cundick v. Broadbent*, 383 F.2d 157, 160 (10th Cir. 1967) ("[I]n recent times courts have tended away from the concept of absolutely void contracts toward the notion that even though a contract be said to be void for lack of capacity to make it, it is nevertheless ratifiable at the instance of the incompetent party."); *cf. Vaske v. DuCharme, McMillen & Assocs., Inc.*, 757 F. Supp. 1158, 1161 (D. Colo. 1990) ("[T]o form a contract in Colorado, the essential components include *competent parties*, subject matter, legal consideration, mutuality of agreement, and mutuality of obligation." (emphasis added) (citing *Denver Truck Exch. v. Perryman*, 307 P.2d 805, 810 (Colo. 1957))); *Namoko v. Cognisa Sec., Inc.*, No. 05-cv-00763-WDM-MEH, 2007 WL 552244, at *5 (D. Colo. Feb. 20, 2007) ("*To the extent that* this analysis is governed by Colorado law, under such law the essential elements of a settlement agreement are a definitive offer and acceptance, consideration, and *parties who have the capacity* and authority to agree." (emphasis added)).

In this case, Mr. Palmer argued that the waiver of his ADEA rights in his settlement agreement with the Department was not knowing and voluntary because he was mentally incompetent at the time that he agreed to it. And, based on this assertion, he has sought to have his settlement agreement rescinded. Mr. Palmer did not request damages in relation to his rescission claim and, therefore, seeks only equitable relief.

The ADEA provides a grant of subject matter jurisdiction (and a waiver of

- 7 -

sovereign immunity) to determine whether Mr. Palmer's waiver of his ADEA rights was knowing and voluntary. However, the subject matter jurisdiction provided by § 626(f) extends *solely* to his waiver of ADEA rights. *Madrid v. Phelps Dodge Corp.*, 211 F. App'x 676, 680 (10th Cir. 2006) ("The plain language of the statute . . . indicates that the minimum requirements for a valid waiver set forth in § 626(f)[] apply only to ADEA claims, not to other federal claims such as ERISA or Title VII. Consequently, the fact that a waiver is invalid as to an ADEA claim . . . does not affect its validity as to other types of claims." (citing *Tung v. Texaco Inc.*, 150 F.3d 206, 208-09 (2d Cir. 1998))). Therefore, the district court erred in concluding as a matter of law that it did not have subject matter jurisdiction over Mr. Palmer's claim to rescind the waiver of his ADEA rights.

Because of the district court's approach in dismissing Mr. Palmer's complaint, it did not address the issue of his mental competency as it relates to the knowing and voluntary nature of the waiver. Thus, we remand for the district court to consider whether, under the totality of circumstances, the waiver was valid in light of Mr. Palmer's allegation of mental incompetency. We also conclude that, in the first instance, the district court should address the timeliness of Mr. Palmer's action to rescind the settlement agreement.

**B.      Subject Matter Jurisdiction Does Not Exist Under Title VII and the ADA**

In *Lindstrom v. United States*, 510 F.3d 1191 (10th Cir. 2007), we affirmed the district court's dismissal, for lack of subject matter jurisdiction, of the federal-sector plaintiff's action to enforce a settlement agreement he entered with the Department of the Interior on a disability discrimination claim. *Id.* at 1194-95. We observed that Title VII contains specific regulations, which apply equally to the ADA, that set conditions on the government's waiver of sovereign immunity. *Id.* at 1194; *see* 29 C.F.R. §§ 1614.501-.505.

These regulations set forth the limited remedies and relief available to a federal employee regarding discrimination claims. Section 1614.504 addresses settlement agreements. It allows a federal employee alleging a breach of a Title VII settlement agreement to notify the EEO Director of a demand of either (1) specific performance of the agreement or (2) reinstatement of his original complaint for further processing. *Lindstrom*, 510 F.3d at 1194 (citing 29 C.F.R. § 1614.504(a)). The regulation only permits notification of the EEO Director, not suits to enforce the settlement agreement in federal court. *Id.*; *see also id.* at 1195 ("Congress has, admittedly, waived sovereign immunity in Title VII suits where the federal government is the employer. However, this statutory waiver does *not* expressly extend to monetary claims [or claims for specific performance] against the government for breach of a settlement agreement that resolves a Title VII

- 9 -

dispute." (emphasis added) (alteration in original) (citation and internal quotation marks omitted)). Accordingly, we rejected the federal-sector plaintiff's claim in *Lindstrom* that subject matter jurisdiction existed over claims for breaches of settlement agreements. *Id.* at 1195.

While Mr. Palmer is not claiming a breach of his settlement agreement, following our analysis in *Lindstrom*, we conclude that the regulations—which address only compliance with a settlement agreement—simply do not address whether *federal-sector employees* may bring suits in federal district court on their Title VII and ADA settlement agreements under the circumstances present here. Because neither Title VII nor the ADA provides a procedure allowing a federal employee in Mr. Palmer's circumstances to challenge the settlement agreement, neither Title VII nor the ADA provides a grant of subject matter jurisdiction, and a waiver of sovereign immunity, here. Because Mr. Palmer does not argue that another waiver of sovereign immunity is presently applicable, we must conclude that we lack subject matter jurisdiction over his claims related to the Title VII and ADA settlement agreement.

## CONCLUSION

Accordingly, we **REVERSE** and **REMAND** to the district court for further proceedings consistent with this opinion.[2]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[2] We deny all of Mr. Palmer's pending motions as moot.