**Edward Joe HUGHES,**
**Plaintiff-Appellant,**

v.

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, d/b/a Mountain Bell, Defendant-Appellee.**

No. 83CA0014.

Colorado Court of Appeals,
Div. II.

July 26, 1984.

Maurice J. Harmon, Grand Junction, for plaintiff-appellant.

David T. Fisher, Denver, for defendant-appellee.

KELLY, Judge.

The plaintiff, Edward Joe Hughes, was an employee of Mountain States Telephone and Telegraph Company (Mountain Bell) until August 5, 1981, when he was terminated. Hughes filed this action alleging a claim for nonpayment of wages contrary to § 8–4–104, C.R.S., a claim for breach of employment contract, and three claims premised on the allegation that he had been "denied ... due process and equal protection of the laws, contrary to the Fourteenth Amendment to the United States Constitution and Article 2, Section 25 of the Colorado Constitution."

Mountain Bell moved to dismiss the complaint on the ground that it failed to state a claim on which relief can be granted. The trial court granted the motion and Hughes appeals. We affirm in part and reverse in part.

I.

Mountain Bell, during oral argument, conceded that the trial court erred in dis-

missing Hughes' first claim for relief based on alleged violation of § 8–4–104, C.R.S., and we agree. Therefore, we need not address those issues.

## II.

In his second claim for relief, Hughes alleges that he was terminated in violation of implied terms in his employment contract. As the trial court ruled, indefinite employment contracts, such as was at issue here, are fully executory and terminable at the will of either party. *Justice v. Stanley Aviation Corp.*, 35 Colo. App. 1, 530 P.2d 984 (1974); *see also Lampe v. Presbyterian Medical Center*, 41 Colo.App. 465, 590 P.2d 513 (1978). Hence, dismissal of this claim was proper.

## III.

Even if we assume that Hughes' remaining three claims for relief are based on the provisions of 42 U.S.C. § 1983, he has failed to allege state action which is a prerequisite to a cognizable claim for relief under those statutory provisions. Each of these three claims is grounded on the allegation that Mountain Bell is "a quasi-public employer by virtue of its regulation by the State of Colorado's Public Service Commission." We hold that these allegations are not sufficient to show the necessary state action.

As stated in *Martin v. Pacific Northwest Bell*, 441 F.2d 1116 (9th Cir.1971):

"The fact that a private corporation, such as Pacific Bell, enjoys an economic monopoly which is protected and regulated by the state does not necessarily bring its every act within the purview of Section 1983. *Kadlec v. Illinois Bell Tel. Co.*, 407 F.2d 624 (7th Cir.1969), Cert.

denied 396 U.S. 846, 90 S.Ct. 90, 24 L.Ed.2d 95, for as well stated in *Powe v. Miles*, 407 F.2d 73, 81 (2nd Cir.1968), 'the state must be involved not simply with some activity of the institution alleged to have inflicted injury upon a plaintiff but with the activity that caused the injury.' In this case, plaintiff's allegations at most concern Pacific Bell's public service functions; they neither show nor tend to show an intrusion by the State into matters of Pacific Bell's internal management.

Plaintiff's discharge, of course, comes under the latter head."

Here, Hughes' allegations that he was deprived of due process and of equal protection were all dependent upon allegations of state action; the only state action pleaded was that Mountain Bell is a telephone utility regulated by the Public Utilities Commission. There being no showing that any other allegation of state action could be made, the trial court did not abuse its discretion in denying Hughes' request for leave to amend. *See Palmer Park Gardens, Inc. v. Potter*, 162 Colo. 178, 425 P.2d 268 (1967).

The judgment of the trial court with respect to Hughes' first claim for relief is reversed and the cause is remanded with directions to reinstate that claim. The judgment is affirmed in all other respects.

BERMAN and BABCOCK, JJ., concur.