John ALLEN, Plaintiff,

v.

DAYCO PRODUCTS, INC., Defendant.

Civ. A. No. 90–F–260.

United States District Court,
D. Colorado.

Nov. 5, 1990.

Sylvian. R. Roybal, Denver, Colo., for plaintiff.

Michael M. McGloin, McGloin, Davenport and Severson, P.C., Denver, Colo., Edward C. Jepson, Jr., Kim A. Leffert, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendant.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the court on Defendant Dayco Products's ("Dayco") motion for summary judgment against Plaintiff John Allen ("Allen"). Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332 (Supp.1990). For the reasons stated

below, defendant's motion for summary judgment is hereby GRANTED.

## I.

Dayco is a manufacturer of industrial hoses and fittings. In January, 1987, Dayco's Southwest Regional Manager, David Kulas ("Kulas"), offered Allen the position of District Sales Manager of Colorado and the surrounding area. When giving Allen the offer, Kulas allegedly stated that Allen could have the job for as long as he wanted. Allen began employment at Dayco soon thereafter. However, no employment contract was signed, no employee manual was received, and no definite term of employment was set.

After Kulas's death, Joseph Malecka ("Malecka") assumed the decedent's position. Unsatisfied with Allen's performance, Malecka recommended to his superiors that he be terminated. On January 27, 1988, the recommendation was adopted and Allen was informed of his immediate termination.

On September 21, 1989, Allen filed a complaint in the District Court for Arapahoe County, Colorado. Allen amended his complaint on January 29, 1990. In his amended complaint, Allen offered two claims for relief: (i) breach of an implied contract, and (ii) breach of an express contract. The action was removed to this court on February 14, 1990, based on diversity of citizenship. On March 23, 1990, the court denied Dayco's motion to dismiss the first cause of action for breach of an implied contract. Upon completion of discovery, defendant brought the instant motion for summary judgment.

## II.

■ Summary judgment is regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules of Civil Procedure. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Lucas v. Mountain States Telephone & Telegraph Co.,* 909 F.2d 419, 420 (10th Cir.1990); *Martin v. Board of County Comm'rs,* 909 F.2d 402, 404 (10th Cir. 1990); *Skidmore, Owings & Merrill v. Canada Life Assurance Co.,* 907 F.2d 1026, 1027 (10th Cir.1990); *Anderson v. Department of Health and Human Servs.,* 907 F.2d 936, 946 (10th Cir.1990). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.,* 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Skidmore,* 907 F.2d at 1027.

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. All doubts must be resolved in favor of the existence of triable issues of fact. *Anderson v. Department of Health and Human Servs.,* 907 F.2d at 946–47; *Lucas,* 909 F.2d at 420; *Martin,* 909 F.2d at 404.

■ In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex,* the Supreme Court held that the language of Rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552. That is, Rule 56 does not require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2552. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

Once the movant has made an initial showing, the burden of proof shifts to the opposing party. *Anderson v. Department of Health and Human Servs.,* 907 F.2d at 947. The nonmovant must establish that there are issues of material fact to be determined. *Celotex,* 477 U.S. at 322–23, 106 S.Ct. at 2552; *Skidmore,* 907 F.2d at

1027. The nonmovant must go beyond the pleadings and designate specific facts showing that there are genuine issues for trial on every element challenged by the motion. *Willner v. Budig*, 848 F.2d 1032, 1033–34 (10th Cir.1988), *cert. denied*, 488 U.S. 1031, 109 S.Ct. 840, 102 L.Ed.2d 972 (1989). Conclusory allegations will not establish an issue of fact sufficient to defeat summary judgment. *McVay v. Western Plains Service Corp.*, 823 F.2d 1395, 1398 (10th Cir.1987). In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Liberty Lobby*, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. 477 U.S. at 249–50, 106 S.Ct. at 2510–11. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of the evidence presented in the motion and the response. *Id.* at 587, 106 S.Ct. at 1356. In the instant case, the court concludes that there are no genuine issues of material fact, and as a matter of law, defendant is entitled to judgment in its favor.

### III.

This court enjoys jurisdiction over this action based on diversity of citizenship. As a result, under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 68, 58 S.Ct. 817, 818, 82 L.Ed. 1188 (1938), the court is required to apply Colorado state law. *Inryco, Inc. v. CGR Bldg. Sys., Inc.*, 780 F.2d 879, 881 (10th Cir.1986).

In Colorado, in the absence of an employment contract, any employment arrangement is terminable at will by either party. *Continental Air Lines, Inc. v. Keenan*, 731 P.2d 708, 711 (Colo.1987); *Cronk v. Intermountain Rural Elec. Ass'n*, 765 P.2d 619, 622 (Colo.App.1988); *see also*

*Garcia v. Aetna Fin. Co.*, 752 F.2d 488, 491 (10th Cir.1984). When such a relationship exists, an employee may be terminated without cause and without notice, and any such termination does not give rise to a claim for relief. *Hoff v. Amalgamated Transit Union*, 758 P.2d 674, 678 (Colo. App.1987).

Allen has admitted that no written contract was executed. (Deposition at 70–71). However, Allen has asserted that either an implied or express contract had been formed. The court is persuaded that the parties never entered into any contractual relationship.

■ Allen relies on Kulas's statement that it would take him at least two years to get a grasp of the job as proof that an employment contract had been created. (Deposition at 41). Allen admitted however that Kulas never stated that he would be employed with Dayco for at least two years. (Deposition at 90). Therefore, Allen has failed to illustrate that a contractual relationship was formed based on this utterance.[1]

■ Allen has further alleged that when making the offer of employment, Kulas told him that he could have the job as long as he wanted, thereby creating an employment contract. (Deposition at 41). However, specific oral statements made during the recruitment or orientation process do not create a contractual obligation. *Therrien v. United Air Lines, Inc.*, 670 F.Supp. 1517, 1523 n. 10 (D.Colo.1987). Such indefinite statements do not transform an employment at will arrangement into a contractual responsibility. *Id.; Hughes v. Mountain States Telephone and Telegraph Co.*, 686 P.2d 814, 815 (Colo. App.1984).

This statement may have implied continued employment. Yet it did not mention duration or a termination date. Hence, the effect of such a statement, if any, would be the creation of permanent employment. *Pittman v. Larson Distrib. Co.*, 724 P.2d

---

1. This conclusion is bolstered by the fact that it was Allen's understanding that he could quit at any time, (Deposition at 93), indicating that this relationship was terminable at will. *See Keenan*, 731 P.2d at 711.

1379, 1383 (Colo.App.1986). In the absence of special consideration or an express stipulation as to duration, permanent employment is terminable at will by either party. *Id.* Allen never asserted that any special consideration was given. He also stated that no period of employment was discussed. (Deposition at 70). Therefore, the arrangement must be termed employment at will, considering that the relationship does not fall under either of the *Pittman* exceptions.

### IV.

In Colorado, the employment at will doctrine embodies two narrow exceptions: (i) implied contract rights or promissory estoppel arising out of company policy and employment manuals, *Brooks v. Trans World Airlines, Inc.*, 574 F.Supp. 805, 808–10 (D.Colo.1983), and (ii) claims for wrongful discharge in retaliation for the exercise of statutory rights or duties, *Brezinski v. F.W. Woolworth Co.*, 626 F.Supp. 240, 243–44 (D.Colo.1986). *Morris v. Acacia Mut. Life Ins. Co.*, No. 88–F–1235, slip op. at 3 (D.Colo. Apr. 14, 1989).

The current situation does not fall under the first exception as Dayco never asserted knowledge of a specific company policy and never received any kind of employment manual. (Deposition at 94). The second exception does not apply since no allegation has been made by Allen that he was discharged in retaliation for exercising his statutory rights or duties. As a result, Allen does not enjoy the benefits of the employment at will exceptions.

While Dayco has alleged that it had cause to terminate Allen, the court does not reach a conclusion on this issue. A finding that an employment at will relationship had been formed is sufficient to hold that, as a matter of law, Dayco could terminate Allen without cause without giving rise to a claim for relief. *Hoff*, 758 P.2d at 678.

### V.

ACCORDINGLY, IT IS ORDERED that defendant's motion for summary judgment is hereby GRANTED. The clerk of the court is DIRECTED to enter judgment in favor of the defendant and against the plaintiff. Defendant is to recover costs.