**1106**

GAHAGEN IRON AND METAL
CO., Plaintiff,

v.

TRANSPORTATION INSURANCE
CO., Defendant.

Civ. A. No. 91–F–1984.

United States District Court,
D. Colorado.

Sept. 30, 1992.

Edward J. McGrath, William D. Watson, Robert Tuchman, Holme Roberts & Owen, Denver, CO, for plaintiff.

Thomas L. Roberts, John L. Wheeler, Susan Speichinger, Pryor, Carney & Johnson, P.C., Englewood, CO, for defendant.

## ORDER REGARDING MOTIONS FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This matter comes before the Court on Plaintiff's Motion for Partial Summary Judgment, filed August 13, 1992, and Defendant's Motion for Summary Judgment filed August 31, 1992. Jurisdiction is based on 28 U.S.C.A. § 1332 (West 1966 & Supp.1992). The issues have been fully briefed by the litigants. For the reasons stated below, Plaintiff's Motion for Partial Summary Judgment is GRANTED IN PART and HELD IN ABEYANCE IN PART and Defendant's Motion for Summary Judgment is DENIED IN PART and HELD IN ABEYANCE IN PART.

### I. BACKGROUND

In June 1990, Douglas County, Nebraska initiated a civil action in the United States District Court for the District of Nebraska (Civil Action No. 90–0395) against Plaintiff Gahagen Iron and Metal Co. ("Gahagen") and others alleging that Gahagen's sale of recycled wet-cell batteries made defendants liable for property damage under the Comprehensive Environmental Response, Compensation and Liability Act of 1980 ("CERCLA"). On August 7, 1990, Gahagen gave notice to its insurer, Defendant Transportation Insurance Co. ("Transportation"), and demanded defense and indemni-

ty pursuant to Comprehensive General Liability ("CGL") policies. On March 13, 1991, Transportation disclaimed coverage under the CGL policies and refused to defend or indemnify Gahagen.

On October 29, 1991, Gahagen filed a complaint against Transportation in the District Court of Adams County, Colorado (Civil Action No. 91–CV–2150). Gahagen's complaint sought the following relief: (1) a declaratory judgment that the CGL policies required Transportation to defend and indemnify Gahagen in the Nebraska case, (2) damages for defense costs incurred by Gahagen, (3) damages for alleged bad faith breach of the CGL policies by Transportation (4) an award of costs, disbursements and attorney's fees incurred herein, and (5) legal interest on those amounts. On November 13, 1991, Transportation filed a Petition for Removal of Civil Action on Diversity of Citizenship Grounds. Gahagen is a Colorado citizen for diversity purposes. Transportation is an Illinois citizen for diversity purposes.

Because resolution of the instant action turned on the outcome of the Nebraska state court case and the evaluation of any subsequent settlement prospects, the Court deemed the above-captioned action closed on May 7, 1992. On April 15, 1992, Gahagen settled the Nebraska state court action for $47,058.83. On August 14, 1992, the Court reopened this action per Plaintiff's motion. In its motion for summary judgment, Gahagen seeks[1] indemnification and its defense costs relating to the Nebraska action, and interest from April 15, 1992 until the date of payment, attorney fees and costs. Defendant seeks summary judgment that Nebraska law governs this case and that it has no contractual duty to defend or indemnify Gahagen.

## II. STANDARD

■ Granting summary judgment is appropriate when there is no genuine issue of material fact and the moving party is enti-

tled to judgment as a matter of law. Fed. R.Civ.P. 56(c); *Ash Creek Mining Co. v. Lujan*, 934 F.2d 240, 242 (10th Cir.1991); *Metz v. United States*, 933 F.2d 802, 804 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 416, 116 L.Ed.2d 436 (1991); *Continental Casualty Co. v. P.D.C., Inc.*, 931 F.2d 1429, 1430 (10th Cir.1991). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Dayco Prods., Inc.*, 758 F.Supp. 630, 631 (D.Colo.1990).

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Newport Steel Corp. v. Thompson*, 757 F.Supp. 1152, 1155 (D.Colo. 1990). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991); *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir.1991).

In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), the Supreme Court held that the language of rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. Rule 56 does not require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2553. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

■ Once the movant has made an initial showing, the burden of proof shifts to the

---

**1.** Although the conflict of laws issue was not explicitly raised in Plaintiff's Motion for Partial Summary Judgment because Plaintiff assumed Colorado law governed, Defendant raised the conflict of laws issue in its Motion for Summary

Judgment and Plaintiff has responded. In addition, in accordance with this Court's Minute Order filed September 17, 1992, the parties filed simultaneous briefs on this issue.

opposing party. The nonmovant must establish that there are issues of material fact to be determined. *Id.* at 322–23, 106 S.Ct. at 2552–53. The nonmovant must go beyond the pleadings and designate specific facts showing genuine issues for trial on every element challenged by the motion. *Tillett v. Lujan,* 931 F.2d 636, 639 (10th Cir.1991). Conclusory allegations will not establish issues of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.,* 823 F.2d 1395, 1398 (10th Cir.1987).

In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of evidence presented in the motion and the response. *Id.* at 587, 106 S.Ct. at 1356.

## III. CONFLICT OF LAWS

A federal court sitting in diversity is required to apply the conflict of laws principles of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941); *Dresser Indus., Inc. v. Sandvick,* 732 F.2d 783 (10th Cir.1984). Thus, we must follow Colorado law which resolves conflicts issues under principles illuminated in the *Restatement (Second) of Conflicts of Laws* (1971); *Wood Bros. Homes, Inc. v. Walker Adjustment Bureau,* 601 P.2d 1369, 1372–73 (Colo.1979) (*en banc*); *First Nat'l Bank in Fort Collins v. Rostek,* 514 P.2d 314, 320 (Colo.1973) (*en banc*). In addition, Colorado law presumes that insurance policies are to be interpreted according to the law where the policy was issued. *Budd v. American Excess Ins. Co.,* 928 F.2d 344, 347 (10th Cir.1991).

Under the Restatement formulation for conflicts issues involving insurance coverage, the "most significant relationship" and the "principal location of the insured risk" tests are utilized. Restatement (Second) of Conflicts of Laws §§ 6, 188, 193 (1971). *See also Conlin v. Hutcheon,* 560 F.Supp. 934, 935 (D.Colo.1983); *Niven v. Falkenburg,* 553 F.Supp. 1021, 1023 (D.Colo.1983).

■ In contract cases, if the place of negotiating the contract and the place of performance are in the same state, that state has the most significant relationship and its local law should generally be applied. *Wood Bros. Homes,* 601 P.2d at 1372 n. 4 (quoting Restatement (Second) of Conflicts of Laws § 188). In the instant case, the contract of insurance was solicited, negotiated and executed in Colorado to cover damages due to property damage for a Colorado domiciliary. Therefore, the state with the most significant relationship to the litigation is Colorado. However, *Restatement (Second) of Conflicts of Law* § 193 must be analyzed before this issue can be resolved.

■ Under Section 193, Colorado law should be applied if Gahagen and Transportation *understood* that Colorado "was to be the principal location of the insured risk during the term of the policy...." Restatement (Second) of Conflicts of Law § 193 (1971). The Court will not use hindsight in determining what the parties understood to be the principal location of the insured risk. It is this understanding at the time that the policies were issued that determines which state's law shall govern.

"[T]he law of the state in which the insured property, object or other risk is located normally governs issues concerning the validity or effect of the insurance contract." *Mitchell v. State Farm Fire & Casualty Co.,* 902 F.2d 790, 793 (10th Cir. 1990). The location of the insured property is the most important factor in analyzing questions under Section 193. *Id.*

Here, all of Gahagen's operations and property are located in Colorado. Each of the insurance policies specifically insure property in Colorado. Although the parties

may have understood some risk to be located in Nebraska, clearly they understood Colorado to be the principal location of the insured risk.

That the Plaintiff sold batteries to a Nebraska company who recycled them in Nebraska thus creating CERCLA liability in Nebraska is insufficient evidence to prove that the parties, at the time the policies were issued, understood Nebraska to be the principal location of the insured risk. Although the policies define the "policy territory" as the entire United States, no reference is made to insuring specific property or activities in Nebraska. Thus, it is this Court's conclusion that at the time the policies were issued the parties understood Colorado to be the principal location of the insured risk.

The law of Nebraska may nevertheless be applied if Nebraska "has a more significant relationship under the principles stated in § 6 to the transaction and the parties...." Restatement (Second) of Conflicts of Law § 6 (1971). ·Comment d to Section 193 indicates that only occasionally will a court be required to apply the law of the state which is not understood to be the principal location of the insured risk. The countervailing considerations set forth in *Restatement (Second) of Conflicts of Law* § 6 do not establish that Nebraska has a more significant relationship to this dispute than Colorado.

In light of the fact that Colorado has the most significant relationship to this dispute, Colorado was understood to be the principal location of the insured risk and the presumption that insurance contracts be interpreted according to the law of the state where the policies were issued, Colorado law determines the validity and construction of the insurance contracts involved in this case. There being no genuine issue of material fact, this determination is appropriate on summary judgment.

In light of the Court's Order regarding the conflict of laws issue, this case is now in a position to be settled. The Court will therefore hold in abeyance the other issues presented for summary judgment in Plaintiff's Motion for Partial Summary Judg-

ment, filed August 13, 1992, and Defendant's Motion for Summary Judgment filed August 31, 1992. The parties are encouraged to pursue settlement discussions and are DIRECTED to notify the Court whether settlement has been reached by Friday, October 16, 1992.

## IV. ORDER

ACCORDINGLY, it is ordered that:

1) Plaintiff's Motion for Partial Summary Judgment, filed August 13, 1992, is GRANTED IN PART and HELD IN ABEYANCE IN PART.

2) Defendant's Motion for Summary Judgment filed August 31, 1992, is DENIED IN PART and HELD IN ABEYANCE IN PART.

3) Colorado law will govern this case.

4) The parties are DIRECTED to notify the Court whether settlement has been reached by Friday, October 16, 1992.