**Harvey SENDER, Trustee, Plaintiff,**

v.

**C & R COMPANY, a nominee partnership, and Dongary Investments, Ltd., a Colorado corporation, Defendants.**

**Civ. A. No. 92–F–288.**

United States District Court, D. Colorado.

Oct. 22, 1992.

Harvey Sender, Melody Dawson, Harvey Sender & Associates, P.C., Michael E. Katch, Friedrick C. Haines, Katch, Wasserman & Jobin, Denver, CO, for plaintiff, Harvey Sender.

Susan Bernhardt, J. Nicholas McKeever, Gordon W. Netzorg, Netzorg & McKeever, P.C., Englewood, CO, Douglas W. Jessop, Linda K. Port, Holden & Jessop, Denver, CO, for defendants, C & R Co. and Dongary Investments, Ltd.

## ORDER REGARDING MOTION FOR SUMMARY JUDGMENT

SHERMAN G. FINESILVER, Chief Judge.

This case involves alleged preferential transfers and transfers in violation of the Colorado Uniform Limited Partnership Act. Jurisdiction is based on 28 U.S.C.A. § 1334 (West Supp.1992). By order entered May 21, 1992, the Court granted Defendants' motion for withdrawal of reference. This matter comes before the Court on the Motion for Summary Judgment filed September 28, 1992, by Defendants C & R Company ("C & R") and Dongary Investments, Inc. ("Dongary"). Plaintiff has responded. For the reasons stated below, the Motion for Summary Judgment is DENIED.

### I.

Since the fall of 1990, Hedged–Investments Associates, Inc. ("HIA, Inc."), Hedged–Investments Associates, Limited Partnership ("HIA, LP"), Hedged Securities Associates, L.P. ("HSA, LP") and Hedged–Investments Associates II, L.P. ("HIA, II") have been in Chapter 7 bankruptcy. Plaintiff Harvey Sender is the trustee for all four estates and all four were ordered to be jointly administered. Prior to bankruptcy, HIA, Inc.[1] was the general partner of HIA, LP, HSA, LP and HIA, II. These limited partnerships were established to invest the partners' funds in various common stock and stock options traded on national securities exchanges. Defendants C & R and Dongary were originally limited partners in HIA, LP. HSA, LP was the successor in interest of HIA, LP.

Upon being appointed as trustee, Plaintiff, with the help of Patten, McCarthy and Associates, Inc., a financial consulting firm, began an investigation into the Debtors' financial affairs. This investigation revealed that the limited partnerships were managed as a Ponzi scheme:

a fraudulent investment scheme in which investors are induced to invest funds with promises and representations of high return and low risk, false representations of a track record of high returns and few or no losses, and false representations of performance of the investors' investments. To support such represen-

---

1. James D. Donahue was the creator of all of the limited partnerships and the sole shareholder of the general partner, HIA, Inc.

tations, create the appearance of success, and prevent an early collapse of the ponzi scheme, the operator will pay investors who request withdrawals of falsely inflated account balances out of new investments, which frequently results in early investors profiting at the expense of later investors....

Plaintiff's Answer to Interrogatory No. 65(b). It was also discovered that, although the four limited partnerships were formally created, no separate accounting records were maintained. All of the partnership funds were maintained in one bank account held by HIA, Inc. Nevertheless, adequate records were apparently maintained to account, as a whole, for the limited partnerships' investment, deposit and withdrawal activities, distinct from the transactions of HIA, Inc.

On November 4, 1991, Plaintiff commenced this adversary action in the bankruptcy court to recover allegedly wrongful distributions made to Defendants. Plaintiff's Second Amended Complaint, filed July 9, 1992, states five claims for relief. Plaintiff's first three claims for relief seek to recover allegedly preferential and fraudulent transfers pursuant to 11 U.S.C.A. §§ 547 and 548 (West 1979 & Supp.1992). These three claims amount to $155,000. Plaintiff's Fourth and Fifth Claims for Relief seek to recover alleged overpayments under state law from the C & R and Dongary partnership accounts pursuant to the Colorado Uniform Limited Partnership Act. Specifically, Plaintiff seeks recovery under Colo.Rev.Stat.Ann. §§ 7–62–607 and 7–62–608(2) (Bradford 1986). The amounts involved in the state partnership law claims are approximately $1.6 million with respect to C & R and approximately $140,000 with respect to Dongary.

## II.

■ Granting summary judgment is appropriate when there is no genuine issue of material fact, as shown by pleadings, affidavits, depositions and answers to discovery, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Ash Creek Mining Co. v. Lujan*, 934

F.2d 240, 242 (10th Cir.1991); *Metz v. United States*, 933 F.2d 802, 804 (10th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 416, 116 L.Ed.2d 436 (1991); *Continental Casualty Co. v. P.D.C., Inc.*, 931 F.2d 1429, 1430 (10th Cir.1991). A genuine issue of material fact exists only where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 429 (10th Cir.1990). Only disputes over facts that might affect the outcome of the case will properly preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Allen v. Dayco Prods., Inc.*, 758 F.Supp. 630, 631 (D.Colo.1990).

In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the party opposing the motion. *Newport Steel Corp. v. Thompson*, 757 F.Supp. 1152, 1155 (D.Colo. 1990). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir.1991); *Mountain Fuel Supply v. Reliance Ins. Co.*, 933 F.2d 882, 889 (10th Cir.1991).

■ In a motion for summary judgment, the moving party's initial burden is slight. In *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986), the Supreme Court held that the language of rule 56(c) does not require the moving party to show an absence of issues of material fact in order to be awarded summary judgment. Rule 56 does not require the movant to negate the opponent's claim. *Id.* at 323, 106 S.Ct. at 2552. The moving party must allege an absence of evidence to support the opposing party's case and identify supporting portions of the record. *Id.*

■ Once the movant has made an initial showing, the burden of proof shifts to the opposing party. The nonmovant must establish that there are issues of material fact to be determined. *Id.* at 322–23, 106 S.Ct. at 2552–53. The nonmovant must go beyond the pleadings and designate specific facts showing genuine issues for trial on

**946**

every element challenged by the motion. *Tillett v. Lujan,* 931 F.2d 636, 639 (10th Cir.1991). Conclusory allegations will not establish issues of fact sufficient to defeat summary judgment. *McVay v. Western Plains Serv. Corp.,* 823 F.2d 1395, 1398 (10th Cir.1987).

In reviewing the evidence submitted, the court should grant summary judgment only when there is clearly no issue of material fact remaining. In *Anderson,* 477 U.S. at 249–50, 106 S.Ct. at 2510–11, the Court held that summary judgment should be granted if the pretrial evidence is merely colorable or is not significantly probative. In *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court held that summary judgment is appropriate when the trial judge can conclude that no reasonable trier of fact could find for the nonmovant on the basis of evidence presented in the motion and the response. *Id.* at 587, 106 S.Ct. at 1356.

### III.

Defendant moves for summary judgment on Plaintiff's second through fifth claims for relief.

### *Second Claim*

In his second claim for relief, the Trustee alleges avoidable transfers in violation of 11 U.S.C.A. § 547(b) which provides that [e]xcept as provided in subsection (c) of this section, the trustee may avoid any transfer of an interest of the debtor in property—(1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made—(A) on or within 90 days before the date of the filing of the petition; (B) between ninety days and one year before the date of the filing of the petition if such creditor at the time of such transfer was an insider, and (5) that enables such creditor to receive more than such creditor would receive if—(A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

Plaintiff asserts an avoidable transfer based on alleged preferential transfers by HIA, Inc. to Defendant C & R, between ninety days and one year before the filing of the petition which benefitted an insider, HIA, LP. Here, Defendant makes the arguments that there was no insider to benefit because the partnership formality was disregarded, funds were commingled into one bank account and any payment was for the sole benefit of HIA, Inc., not HIA, LP.

 Although it appears undisputed that all of the various limited partnerships were treated as one by HIA, Inc., it is unclear whether HIA, Inc. treated the limited partnerships as a group separate from itself. Nevertheless, HIA, LP is an insider of HIA, Inc. as that term is defined at 11 U.S.C.A. § 101(31)(B) (1992 Supp.) and HIA, Inc. is an insider of HIA, LP as provided in 11 U.S.C.A. § 101(31)(C) (1992 Supp.). On that basis alone Defendant cannot prevail as a matter of law. Furthermore, Plaintiff has satisfied its burden of showing that there exists a genuine issue of material fact regarding the other elements required to be proved by him in order to recover the alleged preferential transfers.

 Alternatively, Defendant asserts the defense contained in 11 U.S.C.A. § 547(c)(4), that the trustee may not avoid an otherwise preferential transfer if the creditor subsequently "gave new value to or for the benefit of the debtor...." Defendant has the burden of proving this defense. 11 U.S.C.A. § 547(g) (1992 Supp.).

 Summary judgment is inappropriate regarding this defense for two reasons. First, Defendant has failed to raise this affirmative defense in its answer. Although Defendant indicated that it would seek to amend its answer, no motion to amend has been received and the deadline of July 9, 1992, set for the amendment of pleadings has long expired. Second, the chart of alleged offsetting deposits by limited partnerships is insufficient to satisfy

Defendant's burden of proof on all of the elements contained in the section 547(c)(4) defense. Consequently, no reasonable jury could find in Defendant's favor based on the evidence presented to support this defense.

### Third Claim

■ In his third claim for relief, Plaintiff asserts that certain payments to Defendant C & R were avoidable transfers under 11 U.S.C.A. § 548(a)(2). That section provides for the avoidance of a transfer which was made within one year of filing of the petition, if the debtor "received less than a reasonably equivalent value in exchange for such transfer." 11 U.S.C.A. § 548(a)(2) (1992 Supp.). Value in this context includes satisfaction of an antecedent debt. 11 U.S.C.A. § 548(d)(2)(A) (1992 Supp.).

■ Plaintiff admits that C & R was a creditor of HIA, Inc. and that any payment to C & R reduced its claim against HIA, Inc. Therefore, Defendant argues that any payment it received was in satisfaction of an antecedent debt and not avoidable under section 548. Although this argument may be true to a certain extent, Plaintiff maintains that as of January 1, 1984, Defendant had received all that it was entitled to receive based on its account balance at that time. Therefore, as of that date, Plaintiff argues that no antecedent debt existed which the payments to Defendant could have satisfied. There still exist genuine issues of material fact whether and to what extent Defendant received payments in excess of what it was entitled to and, if so, whether a reasonably equivalent value was given in exchange. Summary judgment is inappropriate.

### Fourth and Fifth Claims

Defendants move for summary judgment on Plaintiff's fourth and fifth claims for relief arguing that HIA, LP should not be treated as a limited partnership, that HIA, LP's payments to Defendants were not returns of contributions, any violation of the partnership agreement or the Colorado Uniform Limited Partnership Act ("CULPA") must have been by Defendants, no violation of the act or agreement occurred, and Defendants' affirmative defenses bar Plaintiff's statutory claims. Each of these arguments will be addressed in turn. At the outset it is important to recognize that case law interpreting the CULPA is limited. Therefore, we will utilize a common sense approach and general principles of statutory interpretation.

The CULPA defines a limited partnership as a partnership which has at least one general partner and at least one limited partner. Colo.Rev.Stat.Ann. § 7–60–102 (Bradford 1986 Repl.Vol.). A partnership is "an association of two or more persons to carry on, as coowners, a business for profit." Colo.Rev.Stat.Ann. § 7–60–106(1).

■ Clearly, HIA, LP satisfies these definitions. Nevertheless, Defendant argues that the partnership formality should be disregarded, by extending the alter ego doctrine from the corporate law, because of the general partner's fraud, failure to follow partnership formality and commingling of several partnership funds into one account.

The Court recognizes that disregarding a legal fiction is appropriate in certain circumstances. Generally, a legal fiction will be disregarded to avoid injustice, but only when certain factors dictate that result. *Newport Steel Corp. v. Thompson*, 757 F.Supp. 1152, 1157 (D.Colo.1990); *Geringer v. Wildhorn Ranch, Inc.*, 706 F.Supp. 1442, 1445 (D.Colo.1988). Allowing defrauded creditors to recover from the alter ego is often the purpose of disregarding the entity's legal fiction. *See e.g., Lowell Staats Min. Co. v. Pioneer Uravan, Inc.*, 878 F.2d 1259, 1262 (10th Cir.1989). Here, however, Defendants seek to use this doctrine in the partnership context to prevent recovery, in effect, by the defrauded creditors whom the Plaintiff trustee represents. Such a result is contrary to the policies for which the alter ego doctrine was created. The Court is unwilling to allow use of this corporate law doctrine in the partnership context and in such a way as to prevent recovery by Plaintiff. Although there is no genuine issue of material fact on this point,

the law does not require judgment in Defendants favor.

■ Next, Defendant argues that even if HIA, LP is considered a limited partnership, Plaintiff admitted in his answers to interrogatories that Defendants received no returns of contributions as required by Colo.Rev.Stat.Ann. § 7–62–608(2). The Court will not place a legal meaning on the phrase "returns of contributions" used by Plaintiff in his answers because clearly the legal meaning was not intended. Colo.Rev.Stat.Ann. § 7–62–608(3) provides that

> [a] partner receives a return of his contribution to the extent that a distribution to him reduces his share of the fair value of the net assets of the limited partnership below the value (as set forth in the partnership records required to be kept pursuant to section 7–62–105) of his contribution which has not been distributed to him.

In other words, a return of contribution is any payment to a limited partner which reduces that partner's account balance. In the context of Plaintiff's answers, he intended that returns of contributions be synonymous with return of principal investment. Plaintiff only seeks to recover from Defendants amounts received in excess of their principal investments.[2] This becomes even clearer in Plaintiff's answer to interrogatory number 32 which Defendant quotes as follows:

> [p]laintiff contends that no later than January 1, 1984 C & R Company had received the total amount of its contributions [ (principal investment) ] to HIA, LP and that as of such date its capital account was zero or in the negative.... [T]he withdrawal by C & R on January 1, 1984 was a return of C & R's contribution [ (principal investment) ] in the amount of $424,682.36 and the remainder of such withdrawal was not a return of contribution [ (principal investment) ].

Withdrawals following January 1, 1984 were not returns of C & R's contribution [ (principal investment) ].

We therefore hold that the amounts Defendants received were returns of contributions in the sense defined by Colo.Rev.Stat. Ann. § 7–62–608(3). Although there is no genuine issue of material fact regarding this issue, Defendants are not entitled to judgment as a matter of law.

Without citing any authority, Defendants next argue that, even if HIA, LP is considered a limited partnership and returns of contributions were made, they cannot be liable under Colo.Rev.Stat.Ann. § 7–62–608(2) "because they did not violate any provision of CULPA or any partnership agreement." Brief in Support of Defendants' Motion for Summary Judgment, 16 (emphasis added). Defendants misconstrue the prerequisites of the CULPA in order to require that Defendants return monies received from the partnership.

■ Colo.Rev.Stat.Ann. § 7–62–608(2) provides that "[i]f a partner has received the return of any part of his [or her] contribution in violation of the partnership agreement or this [Act], he [or she] is liable...." When this provision is read together with Colo.Rev.Stat.Ann. § 7–62–607, which provides that a partner may not receive a distribution which causes partnership liabilities to exceed assets, it is clear that the partner itself need not have violated the act or partnership agreement. The only act necessary by the partner is the receipt of a return of contribution, such return exceeding that amount permitted by the partnership agreement or the CULPA. Although it appears undisputed that Defendants themselves did not act wrongfully, they are not entitled to judgment as a matter of law.

■ Alternatively, Defendants argue that there was no violation of the partnership agreement or the CULPA. Plaintiff contends that the returns of contributions

---

**2.** In fact, this is the only amount recoverable because Plaintiff bases his claim for relief on Defendants' violation of Colo.Rev.Stat.Ann. 7–62–608(2), that Defendants received amounts in violation of the partnership agreement. Plaintiff alleges that the partnerships were not profit-able. Therefore, any withdrawal in excess of Defendants' principal investment violated Article IV(2) of the partnership agreement which limits withdrawals to the amount each partner has in its account.

violated Colo.Rev.Stat.Ann. § 7–62–607 and the partnership agreement. Although there is some dispute whether Plaintiff will be able to meet his burden of proof on this issue given the form in which the partnerships' records were reconstructed and the manner in which the partnerships were managed, there exists a genuine issue of material fact. Plaintiff may be able to establish facts sufficient to prove that Defendants received amounts which violated Colo.Rev.Stat.Ann. § 7–62–607 or the partnership agreement.

Again without the citation of authority, Defendants argue that Plaintiff cannot meet his burden of proving that they wrongfully received money. They believe that Plaintiff cannot meet his burden because the assets of the several partnerships were "hopelessly commingled." Therefore, they argue that it is impossible to establish that they received excessive distributions. However, Plaintiff argues that any distribution to Defendants after a certain point in time violated the CULPA and the partnership agreement because, as of that point in time, the partnership was insolvent. Defendants provide no evidence that the facts are undisputed regarding the amounts of the returns of contributions and the solvency of the partnership at that time. Consequently, whether the amounts received by Defendants exceeded the distributions permitted by the partnership agreement or the CULPA presents a genuine issue of material fact.

Defendants next argue that even if Plaintiff satisfies all of the above discussed elements for recovery, Plaintiff still cannot prevail as a matter of law because of Defendants' "affirmative defenses of fraud, unclean hands, material breach of the partnership agreement, and estoppel, to name a few...." This argument is based on Plaintiff's admission that he brings these state law claims on behalf of the limited partnership. Therefore, the Defendant argues that any defenses which could be asserted against the partnership may be asserted against the Plaintiff trustee.

The Court agrees that Plaintiff brings the state law claims on behalf of the limited partnership because of the language contained in Colo.Rev.Stat.Ann. § 7–62–608(2) which provides that the partner "is liable to the limited partnership." However, that section provides for strict liability in the event that a partner receives a distribution exceeding the amount allowed by the partnership agreement or CULPA.[3] The CULPA itself provides for no defenses to an action brought by the limited partnership to recover excessive or wrongful distributions. Defendants' equitable defenses are clearly misplaced because none of Plaintiff's state law claims are equitable. With respect to the defenses of fraud and breach of the partnership agreement, Defendants must prove that they were harmed or damaged in some way.[4] *See e.g., Institute for Professional Dev. v. Regis College,* 536 F.Supp. 632, 633 (D.Colo. 1982). Defendants bear the burden of proving all of the elements of their affirmative defenses. Although Defendants may be able to sustain their burden of proof on these defenses, they have not alleged undisputed facts sufficient to satisfy this burden on summary judgment. Consequently, there remain genuine issues of material fact regarding the affirmative defenses asserted by Defendants.

## IV. ORDER

ACCORDINGLY, it is ordered that:

Defendants' Motion for Summary Judgment filed September 28, 1992, is DENIED.

---

**3.** Defendants cite *Johnson v. Studholme,* 619 F.Supp. 1347 (D.C.Colo.1985), *aff'd, Johnson v. Hendricks,* 833 F.2d 908 (10th Cir.1987), which involved the appointment of an equity receiver to recover alleged excessive distributions to some limited partners as part of a Ponzi scheme. In the case at bar, Plaintiff, as trustee, asserts statutory claims based on the CULPA and bankruptcy code. Therefore, *Johnson* is unhelpful.

**4.** In fact, it appears that Defendants were benefitted by the wrongful acts of the general partner and the limited partnerships.