17 F.3d 1437
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Michael STEGALL and P. Gayle Stegall, husband and wife,
Plaintiffs-Appellants,
v.
MISSOURI PACIFIC RAILROAD COMPANY, a Delaware corporation,
Defendant-Appellee.
 No. 92-7124.
 United States Court of Appeals, Tenth Circuit.
 Feb. 22, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs Michael and P. Gayle Stegall appeal from the district court's entry of summary judgment in this products liability action. They brought suit against defendant Missouri Pacific Railroad Company asserting claims based on defective design and manufacture, and negligence. The district court held plaintiffs failed to submit sufficient evidence to overcome the properly supported Fed.R.Civ.P. 56(c) motion. We agree, and affirm the judgment.
 
 
 3
 Plaintiffs' complaint alleges that on July 7, 1989, Michael Stegall was injured when, as an employee of a railway terminal, he was required to enter a railway hopper car owned and operated by the defendant. While in the car, he apparently fell down, causing injury to his knee. He maintains his injuries resulted from both the defective nature of the hopper car and the negligence of the defendant in maintaining it. The complaint also stated a loss of consortium claim.
 
 
 4
 We review the grant of summary judgment in the same manner as the district court. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir.1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Once a properly supported motion is submitted, the opposing party must come forth with "specific facts showing that there is a genuine issue for trial as to those dispositive matters for which it carries the burden of proof." Applied Genetics, 912 F.2d at 1241. We view the evidence submitted "through the prism of the substantive evidentiary burden." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).
 
 
 5
 Because this is a diversity action, we apply the substantive law of the forum state. Skidmore, Owings & Merrill v. Canada Life Assurance Co., 907 F.2d 1026, 1027 (10th Cir.1990). Under Oklahoma law, a plaintiff alleging product defects must show 1) that the product caused the injury, 2) in the case of a supplier, that the product was defective at the time of sale or at the time it left the retailer's possession and control, and 3) that the defect made the product unreasonably dangerous. Kirkland v. General Motors Corp., 521 P.2d 1353, 1363 (Okla.1974).
 
 
 6
 Here, the plaintiffs have failed to submit evidence to satisfy these evidentiary burdens. First, there is nothing in this record showing there was a defect. While plaintiffs allege there are design and manufacturing defects, we do not see any evidence, or even allegations, as to exactly what those defects are. The " 'mere happening of an accident ...' does not raise a 'presumption of defectiveness.' " Tigert v. Admiral Corp., 612 P.2d 1381, 1383 (Okla. Ct.App.1979)(quoting Kirkland, 521 P.2d at 1363).
 
 
 7
 Plaintiffs' cause of action for failure to warn of a defect suffers from the same problem. A seller or manufacturer is required to warn users of dangers which it has reason to know will result from use of the product. Duane v. Oklahoma Gas & Elec. Co., 833 P.2d 284, 286 (Okla.1992). Plaintiffs have not identified a defect. Consequently, they cannot satisfy their burden of showing that the defendant should have warned Mr. Stegall of it.
 
 
 8
 Finally, we turn to the negligence claims. It is undisputed that plaintiffs have been unable to identify the hopper car in which Mr. Stegall was allegedly injured. The district court found that this was not due to any intransigence on the part of the defendant, and the record suggests none. Absent identification of the car which allegedly caused these injuries, it is impossible to evaluate any claims based on improper maintenance, disrepair, or unsafe conditions. Not only would it be impossible for the plaintiffs to introduce evidence of the unsafe conditions, it would be impossible to defend against the charges. Thus, we affirm the district court on the negligence claims as well.
 
 
 9
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470